# Commonwealth *v.* Howell.

*Constitutional law—School districts—Cities of the third class—School controllers—Act of May 23, 1874, P. L. 254—City controller.*

The act of May 23, 1874, relating to school districts in cities of the third class is constitutional, and school controllers elected under the act may draw warrants upon the treasurer of the school district, and the city controller is bound, in proper cases, to countersign warrants so drawn.

Argued Feb. 21, 1900. Appeal, No. 39, Jan. T., 1900, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1899, No. 351, discharging rule for mandamus, in case of Commonwealth ex rel. Washburn, Williams & Co. v. Esdras Howell, Controller of the City of Scranton. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for mandamus.

From the record it appeared that the board of controllers of the school district of the city of Scranton had drawn a warrant in favor of Washburn, Williams & Company upon the treasurer of the school district. The defendant, the city controller, refused to countersign the warrant on the ground that the act of May 23, 1874, was unconstitutional.

The 43d section of the act requires the city controller to countersign warrants drawn by the school controllers.

The court discharged the rule for mandamus.

*Error assigned* was the order of the court.

*David J. Reedy,* for appellants.

*A. A. Vosburg,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, April 30, 1900:

This case involves the same general view of the constitutionality of those portions of the Act of May 23, 1874, P. L. 254, which relate to school districts, that has been discussed in Com. ex rel. v. Gilligan, ante, p. 504.

The city controller is an officer whose office is created and

its duties provided by the act in question. Having accepted the office it comes with very bad grace from him to refuse performance of part of the prescribed duties on the ground that they are not constitutionally imposed upon him. But this view of the act has been settled to be erroneous in Com. ex rel. v. Gilligan, supra, and for the reasons there given the judgment must be reversed. It was agreed at the argument that the case should be disposed of without question as to the form of the issue, and as if upon demurrer to the answer to an alternative mandamus. The judgment is therefore reversed with costs, and a peremptory mandamus directed to be awarded.